# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA S. ORTIZ-LUIS and GLOBAL COMMONS, LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION; SPECIALIZED LOAN SERVICING LLC; and WELLS FARGO BANK NA,<br><br>                    Defendants. | Case No.: 21-CV-989-CAB-AHG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>[Doc. Nos. 3, 4] |

This matter is before the Court on Defendants' motions to dismiss. The motions have been fully briefed, and the Court deems them suitable for submission without oral argument. For the following reasons, both motions are granted.

## I.   Background

On March 24, 2021, Plaintiffs filed this action in state court. The five-page complaint contains few factual allegations. In short, Plaintiffs allege that they purchased real property located at 2707 Box Elder Court, Chula Vista, California 91915 (the "Property") via a sheriff's sale on January 29, 2020. [Doc. No. 1-2 at ¶ 11.] The sheriff's sale had been initiated by Eastlake III Community Association (the "HOA"), which had obtained a writ of sale in its favor for $24,397.28 against the prior owner of the Property.

[*Id.* at ¶ 10.] According to the sheriff's deed, Plaintiff Global Commons, LLC[1] purchased the Property at the sheriff's sale for $31,575.89. [Doc. No. 4-2 at 92.]

In this action, Plaintiffs seek to quiet title in the Property against Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Specialized Loan Servicing LLC ("SLS"), and Wells Fargo Bank NA ("Wells Fargo"). According to Plaintiffs, they own the Property free of any liens or other interests held by these Defendants. The complaint asks the Court: (1) to compel Defendants to release any interest they have in the Property; (2) to declare that Defendants have no estate, right, title or interest in the Property as of January 29, 2020; (3) to enjoin Defendants from claiming any estate, right, title or interest in the Property; and (4) to declare that any interest Defendants had in the Property has been forfeited for failure to perfect the interest during the original debtor's bankruptcy proceedings. Defendants have filed motions to dismiss that make similar arguments for dismissal.

## II. Legal Standard

The familiar legal standards apply to the motions to dismiss. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556

---

[1] The plaintiffs are Global Commons LLC, and Maria S. Ortiz-Luis. According to the complaint, Ortiz-Luis is the "fee simple absolute owner" of the Property. [Doc. No. 1-2 at ¶ 2.] The sheriff's deed submitted with the pending motions, meanwhile, indicates that Global Commons purchased the Property. It is unclear from the complaint whether Global Commons transferred its interest in the Property to Ortiz-Luis after the sheriff's sale, or why both are plaintiffs. The complaint simply refers to both Ortiz-Luis and Global Commons as "Plaintiff." Regardless, because either plaintiff's interest in the Property is subject to the Deed of Trust, the complaint fails to state a claim that either plaintiff is entitled to the relief sought.

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### III. Requests For Judicial Notice

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56 . . . [and] both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" *Id*. (quoting *Lee*, 250 F.3d at 688).  A court may, however, "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Id*. at 999 (quoting *Lee*, 250 F.3d at 689).

Here, Defendants ask the Court to take judicial notice of various public records related to the Property and to Chapter 13 bankruptcy proceedings of the prior owner, Donna Sevelius.  Plaintiffs did not file any opposition to the requests.  "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'[]  A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*. (quoting Fed. R. Evid. 201(b)(1)–(2)).  Notwithstanding the foregoing, "a court cannot take judicial notice of disputed facts contained in such public records." *Id*.

All of the documents submitted by Defendants, and the facts on which Defendants rely that are contained in those documents, are properly subject to judicial notice. Public property records may be judicially noticed. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("[W]e may take judicial notice of the records of state agencies . . . ."); *see also Farber v. JPMorgan Chase Bank N.A.*, No. 12-CV-2367-GPC-BGS, 2014 WL 68380, at *3 (S.D. Cal. Jan. 8, 2014) ("Federal courts routinely take judicial notice of facts contained in publicly recorded documents, including Deeds of Trust, because they are matters of public record, and are not reasonably in dispute."). Courts may also take judicial notice of relevant court records such as those related to Sevelius' bankruptcy proceedings. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted)). Accordingly, Defendants' requests for judicial notice are granted.

### IV. Discussion

Based on the judicially noticeable facts derived from the documents Defendants submit with their motions, Plaintiffs do not have a plausible claim for the relief they seek against Defendants. These documents show that the prior owner of the Property, Donna Sevelius, obtained a $350,000 loan secured by a Deed of Trust on the Property that was recorded on May 13, 2005. [Doc. No. 3-4 at 2.] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee beneficiary for Taylor, Bean & Whitaker Mortgage Corporation. [*Id.*] On August 8, 2011, MERS assigned its beneficial interest under the Deed of Trust to Defendant Wells Fargo. [Doc. No. 3-4 at 67.] On August 6, 2020, Wells Fargo assigned its interest in the Deed of Trust to SLS. [Doc. No. 4-2 at 25.]

In April 2017, Sevelius filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Eastern District of North Carolina. [Doc. No. 3-4 at 30.] Wells Fargo filed a proof of claim in that proceeding for $524,674.38, secured by the Property.

[Doc. No. 3-4 at 35.]  Sevelius' Chapter 13 Plan provided that the Property was to be surrendered to Wells Fargo.  [Doc. No. 3-4 at 78.]  On August 26, 2020, Wells Fargo transferred its claim in the bankruptcy to SLS.  [Doc. No. 3-4 at 73.]

The HOA, meanwhile, recorded a notice of delinquent assessment (the "Assessment Lien") on November 13, 2009.  [Doc. No. 3-4 at 19.]  Because the Deed of Trust was recorded before the Assessment Lien, the Deed of Trust had priority over the HOA's Assessment Lien.  Cal. Civ. Code §§ 2898, 5680.  "As a result, [Plaintiffs], who purchased pursuant to the Assessment Lien, bought the property subject to [the] deed of trust, as a matter of law."  *Thaler v. Household Fin. Corp.*, 80 Cal. App. 4th 1093, 1101 (2000). Plaintiffs, therefore, are not entitled to any of the relief they pray for in the complaint.

None of Plaintiffs' arguments have any legal support.  Plaintiffs contend that the Assessment Lien had priority because it was pursuant to Covenants, Conditions, and Restrictions ("CC&Rs") that were recorded in 1999.  [Doc. No. 13-3.]  The HOA's Assessment Lien, however, was not created by the CC&Rs; it was created by the notice of delinquent assessment that was recorded in 2009.  [Doc. No. 3-4 at 19]; Cal. Civ. Code §§ 5675, 5680.  Because the HOA's Assessment Lien was recorded after the Deed of Trust, the Deed of Trust has priority.  Cal. Civ. Code §§ 2897, 5680.

Plaintiffs then argue that Sevelius' bankruptcy proceedings somehow resulted in the Deed of Trust being extinguished.  A discharge in Chapter 13 bankruptcy, however, only "eliminates the creditor's ability to proceed *in personam* against the debtor whether the debt is secured or unsecured; in the case of a secured debt, the creditor retains the ability to foreclose on the property but can no longer proceed against the debtor personally."  *In re Blendheim*, 803 F.3d 477, 486 (9th Cir. 2015).  Thus, "[a] creditor with a lien on a debtor's property may generally ignore the bankruptcy proceedings and decline to file a claim without imperiling his lien, secure in the *in rem* right that the lien guarantees him under non-bankruptcy law: the right of foreclosure."  *Id.* at 485; *see also In re Lane*, 959 F.3d 1226, 1230 (9th Cir. 2020) ("[U]nder a longstanding principle of bankruptcy law, the creditor may ignore the bankruptcy proceeding, in which case its lien will pass through the

proceeding unaffected."). In other words, while Sevelius' bankruptcy may have limited or eliminated Defendants' ability to proceed against Sevelius personally, it did not impact the lien created by the Deed of Trust on the Property.

Plaintiffs also contend that the Deed of Trust was extinguished by virtue of Defendants' "lack of diligence" because Defendants failed to assert their rights after during or after the sheriff's sale. Plaintiffs cite to no authority supporting this proposition. Moreover, the judgment of foreclosure obtained by the HOA makes no mention of the Deed of Trust or any senior lienholders on the Property, holding only that liens *subsequent to* the HOA's Assessment Lien would be "barred and foreclosed from all equity of redemption in and claim to the property and every part thereof." [Doc. No. 3-4 at 84.] Thus, Defendants had no obligation to take any action in response to the sheriff's sale because that sale did not impact the priority of the Deed of Trust, which had priority over the Assessment Lien. *Cf. MTC Fin., Inc. v. Nationstar Mortg., LLC*, 19 Cal. App. 5th 811, 814, (2018) ("When a junior lienholder forecloses on a second deed of trust at a nonjudicial trustee's sale, . . . the property is purchased at the sale subject to the first deed of trust.").

Next, Plaintiffs argue that they did not have notice of Defendants' rights in the Property. Under California law, however, Plaintiffs had constructive notice of the Deed of Trust because it was recorded. Cal. Civ. Code § 1213 ("Every conveyance of real property . . . therein acknowledged or proved and certified and recorded as prescribed by law from the time it is filed with the recorder for record is constructive notice of the contents thereof to subsequent purchasers and mortgagees.").

Finally, Plaintiffs argue that the Court should grant leave to amend so they can assert a claim under California Business and Professions Code § 17200 to recover the amount Plaintiffs have invested in the Property. Plaintiffs fail to explain, however, why any of the Defendants, merely by virtue of a Deed of Trust of which Plaintiffs had constructive if not actual notice when they purchased the Property at the sheriff's sale, acted fraudulently, unfairly, or unlawfully toward Plaintiffs. Accordingly, any claim under section 17200 would be futile.

## V.     Disposition

In sum, the Deed of Trust on the Property was not extinguished as a result of Sevelius' bankruptcy.  When Plaintiffs purchased the Property (which Sevelius had purchased in 2005 using a $350,000 mortgage) for less than $32,000 in 2020, the Deed of Trust was still valid, and Plaintiffs' purchase was subject to that Deed of Trust.  Plaintiffs, therefore, are not entitled to the windfall they seek in this lawsuit.  The motions to dismiss are **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated:  August 11, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge